UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY ARNOLD,

    Plaintiff,

v.                              Case No. 8:17-cv-1416-T-33AEP

CAPITAL ONE SERVICES, LLC,
et al.,

    Defendants.
_____/

### ORDER

This matter comes before the Court upon consideration of Defendant Capital One Services, LLC's Partial Motion to Dismiss, filed on July 31, 2017 (Doc. # 27), and Plaintiff Stanley Arnold's Response in Opposition, filed on September 12, 2017 (Doc. # 39). For the reasons that follow, the Partial Motion to Dismiss is **GRANTED**.

### I.  Background

Arnold alleges that Capital One furnished erroneous account information to Defendant Experian Information Solutions, Inc. and Defendant Trans Union, LLC, which, in turn, reported the inaccurate information on Arnold's credit report. (Doc. # 1 at ¶¶ 1-2). Arnold brings claims pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72. (Doc. # 1 at ¶¶ 88-144).

In the instant Motion to Dismiss, Capital One argues that the FCCPA claims against Capital One are expressly preempted by the FCRA. (Doc. # 27 at 2). In particular, Capital One maintains that its alleged debt-collection activities were limited to furnishing information to Experian and Trans Union, which is conduct regulated exclusively by the FCRA pursuant to 15 U.S.C. § 1681t(b)(1)(F). (Doc. # 27 at 10). As explained below, the Court agrees. A brief review of the facts follows.

On December 12, 2014, Arnold filed for Chapter 7 voluntary bankruptcy. (Doc. # 1 at ¶¶ 43, 45). On March 23, 2015, the bankruptcy court discharged Arnold's debts to Capital One. (Id. at ¶ 48). On January 21, 2016, the bankruptcy court confirmed the discharge. (Id. at ¶ 51). The discharge orders eliminated Arnold's personal liability with respect to six Capital One accounts. (Id. at ¶¶ 52, 54).

On October 4, 2016, Arnold's Experian consumer report listed the six accounts as closed and charged-off with a $0 balance due, but the report failed to reference the bankruptcy discharge. (Id. at ¶ 54). Arnold's Trans Union consumer report was similarly deficient, and it also listed two accounts as past due. (Id. at ¶¶ 55, 57, 59). Arnold alleges that Capital One communicated the debts as past due in an attempt to collect a debt. (Id. at ¶¶ 56, 58).

On October 10, 2016, and again on December 14, 2016, Arnold sent dispute letters to Capitol One, Experian, and

Trans Union. (Id. at ¶¶ 60, 68). Nonetheless, Capital One continued reporting past-due amounts in an attempt to collect a debt. (Id. at ¶¶ 67, 77).

On June 14, 2017, Arnold filed the instant Complaint. (Doc. # 1). Counts One and Two allege violations of the FCCPA against Capital One, and Capital One moves to dismiss those counts as preempted. (Id. at ¶¶ 88-97; Doc. # 27). Capital One does not move to dismiss Count Seven, which alleges that Capital One violated the FCRA, 15 U.S.C. § 1681s-2(b). Arnold responds in opposition. (Doc. # 39). Accordingly, the Motion to Dismiss is ripe for review.

## II. Discussion

The FCCPA, Fla. Stat. § 559.72, prohibits certain practices in the collection of consumer debts. In Count One, Arnold alleges that Capital One violated Fla. Stat. § 559.72(7) by collecting a consumer debt through abusive and harassing means – in particular, by repeatedly reporting inaccurate information to Experian and Trans Union. (Doc. # 1 at ¶¶ 88-90). In Count Two, Arnold alleges that Capital One violated Fla. Stat. § 559.72(9) by knowingly attempting to collect an illegitimate debt – again, by reporting inaccurate account information to Experian and Trans Union. (Doc. # 1 at ¶¶ 93-96).

Because the FCCPA claims are premised on inaccurate reporting, Capital One argues that the claims are preempted by the FCRA, 15 U.S.C. § 1681t(b)(1)(F), which states:

> No requirement or prohibition may be imposed under the laws of any State--
>
> (1) with respect to any subject matter regulated under . . .
>
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.

15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2, in turn, requires furnishers of information, such as Capital One, to provide accurate information to credit reporting agencies, such as Experian and Trans Union. 15 U.S.C. § 1681s-2(a)-(b).

This Court, as well as a majority of district courts in Florida, consistently hold that § 1681t(b)(1)(F) preempts FCCPA claims to the extent that the challenged debt-collection activity is based on furnishing inaccurate information to credit reporting agencies. E.g., Green v. Chase Bankcard Servs., Inc., No. 8:16-CV-3252-T-33AAS, 2017 WL 1135314, at *5 (M.D. Fla. Mar. 25, 2017); Bank of Am., N.A. v. Zaskey, No. 9:15-CV-81325, 2016 WL 4991223, at *10 (S.D. Fla. Sept. 19, 2016); Osborne v. Vericrest Fin., Inc., No. 8:11-CV-716-T-30TBM, 2011 WL 1878227, at *3 (M.D. Fla. May 17, 2011). Conversely, an FCCPA claim survives preemption if it alleges debt-collection activity beyond merely furnishing information to credit reporting agencies. See, e.g., Arianas

4

v. LVNV Funding LLC, No. 8:14-CV-01531-T27, 2015 WL 404238, at *2 (M.D. Fla. Jan. 8, 2015) (holding that threats to report information to credit reporting agencies falls outside the FCRA's preemption provision); Menashi v. Am. Home Mortg. Servicing, Inc., No. 8:11-CV-1346-T-23EAJ, 2011 WL 4599816, at *2 (M.D. Fla. Oct. 4, 2011)(holding that rejection of a mortgage modification falls outside preemption provision).

In this case, the FCCPA claims are based exclusively on Capital One's reporting of inaccurate information. (Doc. # 1 at ¶¶ 88-90, 93-96). The Complaint alleges no other debt-collection activity, and in response to the Motion to Dismiss, Arnold identifies no such activity.

Instead, Arnold argues that the above-cited cases were wrongly decided because the FCRA does not impliedly preempt the FCCPA through conflict preemption or field preemption. (Doc. # 39 at 11-15). Arnold misses the mark. The preemption in this case derives not from implied preemption, but from express statutory preemption pursuant to 15 U.S.C. § 1681t(b)(1)(F). See Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1122 (11th Cir. 2004) (discussing differences between express, conflict, and field preemption). Because express preemption applies, implied preemption is irrelevant. Am.'s Health Ins. Plans v. Hudgens, 742 F.3d 1319, 1330 n.11 (11th Cir. 2014) (holding that conflict preemption is inapplicable where express preemption exists).

On the facts of this case, Arnold's FCCPA claims against Capital One are preempted by 15 U.S.C. § 1681t(b)(1)(F). Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant Capital One, LLC's Partial Motion to Dismiss (Doc. # 27) is **GRANTED**, and Counts One and Two of the Complaint are **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of October, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE